**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEPHEN INNEO**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE BLUE PEACH CAFÉ, INC.**, **RAVEN & THE PEACH, INC.**, and **NAUVOO GRILL CLUB, INC.**, domestic corporations, and **RICHARD BAHADURIAN**, an individual,<br><br>Defendants. | Docket No.: 3:17-cv-608<br><br>**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND** |

**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff STEPHEN INNEO ("Inneo"), by and through his attorneys, JTB LAW GROUP, LLC, as and for his Complaint against Defendants THE BLUE PEACH CAFÉ, INC., RAVEN & THE PEACH, INC., and NAUVOO GRILL CLUB, INC. (collectively, the "Corporate Defendants"), and RICHARD BAHADURIAN ("Bahadurian"), alleges of his own knowledge as to his conduct, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This action arises out of the persistent and willful failure of Defendants to properly compensate Plaintiff Stephen Inneo, a former employee of Defendants, and other similarly situated persons who are or were employed by Defendants at one or more of the following restaurants:

  a. The Blue Peach Café (the "Café"), located at 2517 New Jersey Route 35, Manasquan, NJ 08736;

b.	Raven & the Peach Restaurant ("Raven & the Peach"), located at 740 River Road, Fair Haven, NJ 07704; and

c.	Nauvoo Grill Club ("Nauvoo"), located at 121 Fair Haven Road, Fair Haven, NJ 07704;

(collectively, the "Restaurants") during the timeframes permissible under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* (the "NJWHL"), and their accompanying regulations:

2.	Plaintiff Inneo worked as a cook at the Café. Defendants failed to pay Plaintiff time-and-a-half for hours worked in excess of forty (40) each week, in violation of both the FLSA and the NJWHL.

3.	By reason of Defendants' persistent and willful violations of the FLSA and the NJWHL, Plaintiff was illegally underpaid for his work.

4.	Plaintiff also asserts FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policy of failing to pay their employees appropriate overtime compensation.

5.	Plaintiff also asserts NJWHL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendants who were and are affected by Defendants' policy of failing to pay their employees appropriate overtime compensation.

6.	For at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally violated the above-referenced federal and state wage and hour statutes and regulations, in the manner described herein.

7.	Defendants were required by both federal and state law to record the hours worked by Plaintiff and their other employees. Defendants therefore have, or should have, records sufficient to permit a calculation of the hours worked and the overtime compensation owed to Plaintiff and other similarly situated employees.

8.  Plaintiff brings this action to recover monetary damages, liquidated damages, interest, and costs, including reasonable attorney's fees, for himself and for other similarly situated current and former employees, as a result of Defendants' willful violation of the above-referenced federal and state statutes and regulations.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

10. As to the claims under New Jersey law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiff*

12. At all times relevant herein, Plaintiff Stephen Inneo was, and currently is, a resident of Ocean County, State of New Jersey.

13. Mr. Inneo was employed by Defendants from sometime in July 2013 until March 16, 2015.

14. Mr. Inneo's written consent to become a party to this action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

*Defendants*

15. Defendant The Blue Peach Café, Inc., is a for-profit corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 2517 New Jersey Route 35, Manasquan, NJ 08736.

16. Defendant The Blue Peach Café, Inc. does business as The Blue Peach Café.

17. Defendant Raven & the Peach, Inc., is a for-profit corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 740 River Road, Fair Haven, NJ 07704.

18. Defendant Raven & the Peach, Inc. does business as Raven & the Peach Restaurant.

19. Defendant Nauvoo Grill Club, Inc., is a for-profit corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 121 Fair Haven Road, Fair Haven, NJ 07704.

20. Defendant Nauvoo Grill Club, Inc. does business as Nauvoo Grill Club.

21. Defendant Richard Bahadurian is an owner of each of the Corporate Defendants.

22. On information and belief, Defendant Richard Bahadurian is the sole owner of each of the Corporate Defendants.

23. At all times relevant herein, Bahadurian possessed operational control over all three Corporate Defendants; possessed an ownership interest in all three Corporate Defendants; and controlled significant business functions of all three Corporate Defendants.

24. Bahadurian hired and fired Mr. Inneo and the other employees at the Restaurants, and at all times relevant herein exercised or delegated the authority to determine their compensation, establish their schedules, and maintain their payroll and other employment records.

25. At all times relevant herein, Defendants, individually and/or jointly, have had annual gross revenues of well over $500,000.

26. On information and belief, at all relevant times, Defendants have had two or more employees who handle and sell goods or materials, including food and beverage products, that have moved in or been produced for commerce.

27. Should discovery reveal that, during any time period relevant herein, any of the Restaurants were owned and/or operated by any person(s) and/or business entit(ies) other than the Defendants already named herein, those persons and/or entities are hereby on notice of Plaintiff's intention to add federal and New Jersey claims against such persons and or entities, to be related back to the date on which this Complaint was filed.

**FACTUAL ALLEGATIONS**

*Defendants Constitute A Single Integrated Enterprise
That Jointly Employed Plaintiff And All Similarly Situated Individuals*

28. Mr. Inneo repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29. At all times relevant herein, Defendant Bahadurian, acting through the Corporate Defendants, operated the Restaurants, including the Café.

30. At all relevant times, Defendants' operations have been interrelated and unified.

31. At all relevant times, the Restaurants have shared a common management, and have been centrally controlled and/or owned by Defendants.

32. At all relevant times, Defendants have centrally controlled the labor and employment relations of the Restaurants.

33. At all relevant times, Defendants have maintained one central payroll office, and have imposed and enforced common employee guidelines and procedures in all three Restaurants.

34. At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff and all other similarly situated employees at all three Restaurants, including timekeeping, payroll, and other practices and policies that applied to them.

35. At all relevant times, Defendants have applied the same employment policies, practices, and procedures to all their non-exempt workers at both Restaurants, including the policies, practices, and procedures complained of herein.

36. At all relevant times, Defendants have constituted a single integrated enterprise that employed Plaintiff and all similarly situated individuals.

37. In the alternative, at all relevant times, Defendants have been associated and joint employers of Mr. Inneo and all other similarly situated individuals at both Restaurants, within the meaning of the FLSA and the NJWHL.

38. At all relevant times, Defendants acted in the interests of each other with regard to their employees, paid their employees by the same methods, and shared control over their employees.

39. At all relevant times, Defendants have:

   a. exercised or delegated the authority to hire and fire Plaintiffs and other similarly situated employees;

   b. supervised and controlled the work schedules of Plaintiffs and other similarly situated employees;

   c. determined the rate and method of payment for Plaintiffs and other similarly situated employees; and

   d. maintained time and payroll records pertaining to Plaintiffs and other similarly situated employees.

***Facts Relevant to Mr. Inneo's Individual FLSA and NJWHL Claims***

2. While employed by Defendants, Mr. Inneo did not perform any job duties typical of exempt employees.

3. While employed by Defendants, Mr. Inneo performed only job duties typical of non-exempt employees.

4. Mr. Inneo typically worked at least forty-five hours per week.

5. For much of the period from July 2013 until late November or early December, 2014 – a period of about eighteen or nineteen months – Mr. Inneo worked ten hours per day, six days per week, for a total of sixty hours per week.

6. Defendants paid Mr. Inneo $13.00 per hour for all hours worked.

7. Defendants paid the first forty hours each week by check, and then paid any additional hours in cash.

8. As an example, for the week of Monday, April 14 through Sunday, April 20, 2014, Plaintiff worked six ten-hour days, for a total of sixty hours, and was paid $13 for each of those hours – $520 by check for the first forty hours, and $260 in cash for the remaining twenty hours.

9. During his employment with Defendants, Mr. Inneo was never paid at an overtime rate of time-and-a-half for hours he worked in excess of forty in a week, as required under the FLSA and the NJWHL.

10. Defendants knew or should have known that they were obligated under the FLSA and the NJWHL to pay Mr. Inneo overtime pay for hours worked in excess of forty each week.

11. Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New Jersey Department of Labor and

Workforce Development, or any administrative practice or enforcement policy of either such department.

12. Defendants' above-described violations of the FLSA and the NJWHL were willful, arbitrary, unreasonable and in bad faith.

*Facts Relevant to Collective and Class Claims*

13. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

14. During the time Plaintiff was employed by Defendants, other individuals were employed in non-exempt positions at the Restaurants.

15. Like Plaintiff, some of these other employees would sometimes work over forty hours per week.

16. Plaintiff and these other employees were not paid time-and-a-half for all hours worked in excess of forty per week.

17. At all relevant times, Plaintiff and other persons employed by Defendants in non-exempt positions were and are similarly situated, in that they were and are subjected to Defendants' common policy of failing to pay their non-exempt employees time-and-a-half for all hours worked in excess of forty in a week as required under the FLSA and the NJWHL.

18. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other current and former non-exempt employees of Defendants within the applicable statutory period.

19. The proposed FLSA Collective is defined as:

> **All hourly paid employees of THE BLUE PEACH CAFÉ, INC., RAVEN & THE PEACH, INC., NAUVOO GRILL CLUB, INC., and/or RICHARD BAHADURIAN at the Restaurants at any time within three years prior to the filing of this Complaint.**

20. Plaintiff brings his NJWHL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the NJWHL, on behalf of himself and all other current and former non-exempt employees of Defendants within the applicable statutory period.

21. The proposed Rule 23 Class is defined as:

**All hourly paid employees of THE BLUE PEACH CAFÉ, INC., RAVEN & THE PEACH, INC., NAUVOO GRILL CLUB, INC., and/or RICHARD BAHADURIAN at the Restaurants at any time within two years prior to the filing of this Complaint.**

22. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    a. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that at least forty class members have worked for Defendants at the Restaurants during the applicable statutory period without receiving appropriate overtime compensation, as required by the NJWHL.

    b. Questions of fact and law common to the class predominate over any questions affecting only individual members, namely whether Defendants are liable for failure to pay Plaintiff and other members of the putative class time-and-a-half for hours worked each week in excess of forty.

    c. Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiff was damaged by Defendants' common policy of failing to pay proper compensation for all hours worked.

    d. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

23. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both

      the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

   b.    Because of the relatively small size of individual class members' claims, the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

   c.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

24. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

25. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NJWHL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the class and providing any monetary relief to them can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
## (INDIVIDUAL FLSA VIOLATION)

26. Mr. Inneo repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

27. At all times relevant herein, Defendants employed Mr. Inneo within the meaning of the FLSA.

28. At all times relevant herein, Mr. Inneo was a non-exempt employee of Defendants within the meaning of the FLSA.

29. Mr. Inneo typically worked over forty hours per week.

10

30. During all times relevant herein, Defendants failed to pay Mr. Inneo overtime pay for all hours worked each week in excess of forty, as required under the FLSA.

31. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

32. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

33. As a result of the foregoing, Mr. Inneo was illegally denied proper compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (INDIVIDUAL NJWHL VIOLATION)

34. Mr. Inneo repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

35. At all times relevant herein, Defendants employed Mr. Inneo within the meaning of the NJWHL.

36. At all times relevant herein, Mr. Inneo was a non-exempt employee of Defendants within the meaning of the NJWHL.

37. Mr. Inneo typically worked over forty hours per week.

38. During all times relevant herein, Defendants failed to pay Mr. Inneo overtime pay for all hours worked each week in excess of forty, as required under the NJWHL.

39. Defendants' conduct and practices, described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

40. A two-year statute of limitation applies to each such violation, pursuant to N.J.S.A. § 34:11-56a25.1.

41. As a result of the foregoing, Mr. Inneo was illegally denied proper compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.J.S.A. § 34:11-56a25.

### THIRD CLAIM FOR RELIEF
### (FLSA COLLECTIVE VIOLATIONS)

42. Mr. Inneo repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

43. At all relevant times, Defendants employed Plaintiff and members of the putative collective within the meaning of the FLSA.

44. Plaintiff and members of the putative collective were and are non-exempt employees within the meaning of the FLSA.

45. Defendants failed to pay Plaintiff and the members of the putative collective time-and-a-half for all hours worked each week in excess of forty, as required under the FLSA.

46. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

47. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

48. As a result of the foregoing, Plaintiff and members of the putative collective were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF
## (NJWHL CLASS VIOLATIONS)

49. Mr. Inneo repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50. At all relevant times, Defendants employed Plaintiff and members of the putative class within the meaning of the NJWHL.

51. Plaintiff and members of the putative class are non-exempt employees within the meaning of the NJWHL.

52. Defendants failed to pay Plaintiff and the members of the putative class time-and-a-half for all hours worked each week in excess of forty, as required under the NJWHL.

53. Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

54. A two-year statute of limitation applies to each such violation, pursuant to N.J.S.A. § 34:11-56a25.1.

55. As a result of the foregoing, Mr. Inneo and members of the putative class were illegally denied proper compensation earned, in amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.J.S.A. § 34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, and related regulations.

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the NJWHL, N.J.S.A. §§ 34:11-56a *et seq.*, and related regulations.

(C) An order requiring Defendants to end all of the illegal practices alleged herein pursuant to the FLSA, New Jersey statutes, and related laws and regulations.

(D) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and all members of the putative collective and the putative class.

(E) A declaratory judgment that Defendants acted willfully within the meaning of the FLSA, and that therefore a three-year statute of limitations applies.

(F) Judgment for any and all damages available under the FLSA, including liquidated damages in an amount equal to all unpaid compensation owed to Plaintiff and all member of the putative collective during the applicable statutory period.

(G) Judgment for any and all damages available to Plaintiff and all members of the putative class under the NJWHL and related regulations.

(H) Judgment for liquidated damages in an amount equal to all unpaid compensation owed to Plaintiff and all members of the putative class during the applicable statutory period pursuant to the NJWHL and related regulations.

(I) An incentive award for Plaintiff.

(J) Judgment for any and all civil penalties to which Plaintiff and all members of the putative collective and the putative class may be entitled.

(K) An order directing Defendants to pay Plaintiff and all members of the putative collective and the putative class prejudgment interest, reasonable attorney's fees and all costs connected with his action.

(L) Such other and further relief as this Court may deem necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: January 30, 2017  
Jersey City, New Jersey

Respectfully submitted,

**JTB LAW GROUP, LLC**

Patrick S. Almonrode
*patalmonrode@jtblawgroup.com*
 *will seek pro hac vice admission*
Jason T. Brown, NJ Bar # 35921996
*jtb@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff Stephen Inneo*